IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00331-PAB-KMT

NATHAN NICHOLS, and
MELINDA NICHOLS,

    Plaintiffs,

v.

GOLDEN RULE INSURANCE COMPANY, an Indiana Corporation,

    Defendant.

**ORDER REMANDING CASE TO STATE COURT**

**I. BACKGROUND**

This state-law insurance case comes before the Court on plaintiffs Nathan and Melinda Nichols' amended motion to remand [Docket No. 10]. Plaintiffs originally filed this case in the District Court for the City and County of Denver, Colorado. *See* Notice of Removal [Docket No. 1], ex. B (Compl. & Jury Demand). On February 16, 2010, defendant Golden Rule Insurance Company ("Golden Rule") removed the case to this Court pursuant to 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal at 1 & ¶¶ 6-7.

Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28

U.S.C. 1332(a) (2006). Regarding the citizenship of the parties, the defendant's notice of removal simply states that "[p]laintiffs are residents of the State of Colorado" and "Golden Rule is a citizen of Indiana." Notice of Removal ¶ 7. The only basis cited by defendant in support of these averments is plaintiffs' complaint.[1] *See* Notice of Removal ¶ 7 (citing Notice of Removal, ex. B (Compl. & Jury Demand) ¶¶ 1-2).

On February 11, 2010, plaintiffs filed a motion to remand this case to state court [Docket No. 9]. The next day plaintiffs superseded and effectively mooted their original motion by filing an amended motion to remand. *See* Pls.' Am. Mot. to Remand [Docket No. 10] ("Mot. to Remand"). In their amended motion, plaintiffs articulate two arguments in favor of remand. First, plaintiffs assert that Golden Rule's notice of removal was procedurally defective for failing to attach the delay reduction order issued by the state-court judge. Second, plaintiffs contend that Golden Rule's averments regarding plaintiffs' residency are insufficient to establish the Court's subject-matter jurisdiction. Because the subject-matter jurisdiction issue is ultimately dispositive on the question of remand, the Court focuses on that issue and does not address the alleged procedural defect.

On March 18, 2010, Golden Rule filed a response to plaintiffs' motion to remand [Docket No. 14]. Regarding the Court's subject-matter jurisdiction, Golden Rule's response states that the "Notice of Removal sufficiently alleged that diversity of citizenship exists and offered support thereof." Golden Rule Insurance Company's

---

[1] Plaintiffs' complaint actually claims that Golden Rule "is, upon information and belief, an Indiana corporation with its principal place of business in Lawrenceville, Illinois." Notice of Removal, ex. B (Compl. & Jury Demand) ¶ 2.

2

Resp. to Pls.' Am. Mot. to Remand [Docket No. 14] ("Def.'s Resp.") at 7. In support of this position, Golden Rule asserts that while residency is not the equivalent of citizenship, it is *prima facie* evidence of citizenship. Def.'s Resp. at 7. Golden Rule also argues the "[o]nce a removing defendant puts forth evidence of the plaintiffs' residency, the burden shifts to the plaintiffs to prove that their domicile and citizenship is somewhere other than their place of residence." Def.'s Resp. at 8. Finally, Golden Rule's response requests that the Court accept an amended notice of removal which, without any additional factual support, simply replaces the word "residents" with "citizens." *See* Def.'s Resp. at 9; *see also* Def.'s Resp., ex. E (Am. Notice of Removal). On April 1, 2010, plaintiffs filed a reply in support of their amended motion to remand. *See* Pls.' Reply in Supp. of Am. Mot. to Remand [Docket No. 15]. Lastly, Golden Rule filed a motion to strike or, in the alternative, for leave to file a surreply regarding certain issues which Golden Rule claims the plaintiffs impermissibly raised for the first time in their reply brief. *See* Golden Rule Insurance Company's Mot. to Strike New Arguments in Pls.' Reply in Supp. of Am. Mot. to Remand [Docket No. 16]. The Nichols' motion to remand is fully briefed and ripe for disposition. Because the Court does not rely on the contested materials in plaintiffs' reply brief, Golden Rule's motion to strike is denied. *See Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005).

## II. ANALYSIS

### A. Subject-Matter Jurisdiction

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing defendant must prove jurisdictional facts by at least a "preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *Martin*, 251 F.3d at 1290. Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin*, 50 F.3d at 873 ("[T]here is a presumption against removal jurisdiction.").

If at any time "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

### B. Allegations of Citizenship

Section § 1332(a) requires "complete diversity," that is, no plaintiff may be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). "For purposes of federal diversity

4

jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) (internal citation omitted).

Golden Rule argues that removing defendants should have to prove nothing more than a plaintiff's residence. According to Golden Rule, requiring anything more puts removing defendants at an unfair disadvantage since the vast majority of state-court complaints only include information regarding a plaintiff's residency. Def.'s Resp. at 8. Golden Rule also notes that there is little time for discovery on the issue before the thirty-day period under 28 U.S.C. § 1446 runs. *See* Def.'s Resp. at 8. Therefore, Golden Rule argues that a defendant in a state court action should be able to remove the case to federal court based solely on a plaintiff's allegations of residence.

The effect of Golden Rule's position would be to shift the jurisdictional burden of proof to plaintiffs in all removal cases where a state court complaint alleges only residence. As a practical matter, shifting the burden to plaintiffs would not be unfair given that plaintiffs are in a better position than defendants to prove their own citizenship. However, determining which party is better able to bear the burden of proof is not generally a jurisdictional consideration. Instead, it is clearly established that the burden of proof for jurisdictional purposes is assigned to the party who invokes the federal court's jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."). As a negative implication of this fact, courts generally do not require the party

5

who has been brought into federal court by another to disprove the court's subject-matter jurisdiction.

Golden Rule cites to what are admittedly crisscrossing burdens involved in proving jurisdiction. On the one hand, the removing party bears the burden of establishing the Court's jurisdiction. Courts therefore have required that, once an averment of diversity of citizenship is challenged, the party invoking federal jurisdiction must come forth with evidence that demonstrates the existence of jurisdiction. *See, e.g.*, See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994). At the same time, courts have considered a party's residence to be *prima facie* evidence of citizenship for diversity purposes, triggering a shift in the burden of proof to the other party. *See Dyer*, 19 F.3d at 520; *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941).

That being said, the so-called *prima facie* evidence rule is not as absolute as Golden Rule would have it. Of the many cases cited by Golden Rule which have invoked the *prima facie* evidence rule, none rely solely on evidence of residence. *See Dyer*, 19 F.3d at 519-20; *Walden v. Broce Constr. Co.*, 357 F.2d 242, 244-45 (10th Cir. 1966); *Kelleam*, 112 F.2d at 943; *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *8-10 (D.N.M. Feb. 9, 2010); *Alpine Bank v. Carney Bros. Constr.*, No. 05-cv-00026-EWN-KLM, 2008 WL 4080003, at *3-5 (D. Colo. Sept. 2, 2008)). In fact, the case that first articulated the *prima facie* evidence rule regarding residence stated that "[w]here a defective averment of diversity of citizenship is made in the bill of complaint, the whole record may be looked to for the purpose of curing such defect,

6

and if the requisite citizenship is anywhere averred in the record, or facts are therein stated which in legal intendment constitute such allegations, that is sufficient." *Kelleam*, 112 F.2d at 943. Furthermore, it is on those occasions "where the court is satisfied, in the light of all the testimony, that the averment of residence in a designated state was intended to mean, and reasonably construed, must be interpreted as meaning that the party was a citizen of that state" that such an averment "is sufficient." *Kelleam*, 112 F.2d at 943.

Golden Rule does not cite to any Tenth Circuit case which gave *prima facie* effect to an allegation of residence in the context of a removal case. This is important because the burden on removing defendants to prove jurisdictional facts is, if anything, greater than it is on parties who initially file a case in federal Court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952-54 (10th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). Concerns regarding a plaintiff's choice of forum and federalism justify the additional burden on removing defendants. *See Martin*, 251 F.3d at 1289-90; *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298, 1302 (M.D. Ala. 2001) ("The removing defendant must prove federal jurisdiction because society believes it is better for state courts to decide matters of state law than to have undue state-federal friction.").

As for the practical concerns raised by Golden Rule regarding the deadlines in the removal statute, these challenges do not justify an exception to the jurisdictional requirements in removal cases. In fact, the Tenth Circuit has noted that state-court defendants wishing to remove a case to federal court face identical challenges when it

7

comes to establishing the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Although the court characterized the situation faced by removing defendants as a "jurisprudential mess," it did not alter their burdens in establishing jurisdictional facts. 529 F.3d at 954. Instead, the Court in *McPhail* clarified that removing defendants may establish these facts through evidence that is extrinsic to a plaintiff's complaint. 529 F.3d at 954.

A removing defendant may offer a wide range of publicly-available evidence to demonstrate a plaintiff's intent to remain in a particular location. The evidence courts have relied on in order to establish a party's domicile includes: the existence or non-existence of other states of residence, *see, e.g.*, *Kelleam*, 112 F.2d at 943; the state of one's active state-issued licenses, *see, e.g.*, *Dyer*, 19 F.3d at 520; *Walden*, 357 F.2d at 244; the state in which one files tax returns and pays taxes, *see, e.g*, *Walden*, 357 F.2d at 244; representations in public documents, including in other litigation, *see Dyer*, 19 F.3d at 519; connections with a given community through organizations and other involvement, *see, e.g.*, *Walden*, 357 F.2d at 244. Other relevant evidence tending to show that an individual intends to remain in a particular location could include the individual's length of time in a location as demonstrated by property records or other dealings, the absence of any immediate plans to relocate such as the offering for sale of the individual's primary residence, the location and nature of a party's employment, the location of assets, including bank accounts and personal belongings, voter registration, and where a person receives mail. *See generally Alpine Bank*, 2008 WL 4080003, at *3-5. While no single piece of evidence will likely prove dispositive, each

would assist a removing defendant in creating a reasonable basis upon which to believe that a plaintiff intends to remain in a state. It is this reasonable belief which must underpin allegations of citizenship. *See* Fed. R. Civ. P. 11(b)-(b)(3).

The removal statute itself provides leeway to those defendants who, through reasonable inquiry, cannot ascertain jurisdictional facts in the time period immediately following the initiation of a case. Generally, the removal statute requires that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b) (2006). If reasonable inquiries regarding a plaintiff's domicile prove unavailing, the removal statute accommodates defendants who wish to remove a case to federal court later in time:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (2006).

"[U]nder § 1446(b), in order for the amount in controversy to be 'first ascertained' by some means other than the initial pleading, the statement in the initial pleading must be ambiguous or one which requires extensive investigation to determine the truth." *TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, 09-cv-00763-PAB-KLM, 2009 WL 1796071, at *3 (D. Colo. June 23, 2009) (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998)); *see also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) ("Under § 1446(b), the removal period does not begin until

9

the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." (internal quotation marks omitted)). Therefore, pursuant to § 1446(b), where the citizenship of a plaintiff is unascertainable within thirty days of a defendant's receipt of the initial pleading, the case may still be removable beyond the first thirty days. Therefore, the Court sees no reason to allow a removing defendant simply to allege and prove the residence of a plaintiff.

### C. Amendment

While there are no cases of which the Court is aware in which a party invoking a federal court's diversity-based jurisdiction was able to rely solely on an assertion regarding a party's residence, courts in some circumstances have allowed a removing party to amend and correct the notice of removal. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300-01 (10th Cir. 1968); *McEntire*, 2010 WL 553443, at *8-10. While there is no requirement that a Court allow amendments, some courts have been reluctant to be so formalistic as to punish what amounts to a scrivener's error in alleging "residence" when all indications are that the party meant and could establish "citizenship." *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) (noting that jurisdiction may be "sustained notwithstanding failure of the complaint properly to allege the citizenship of the parties because of a finding by the trial court after hearing that diversity of citizenship actually existed. The allegations of residence rather than citizenship were treated in effect as amended to conform to proof."); *see also McEntire*, 2010 WL 553443, at *8-9.

Here, there is no record that the Court may look to regarding the plaintiffs' intent to remain in the state of their alleged residence. To date, Golden Rule has offered no evidence beyond the state-court complaint's averment regarding residence. Although Golden Rule now seeks leave to amend its notice of removal to change the word "residents" to "citizens," it is apparent that this change is based entirely upon its flawed theory that residence equates to citizenship until the plaintiffs prove otherwise. *Cf. Whitelock*, 460 F.2d at 514 ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). This, therefore, is not one of those cases where a party merely made an imperfect allegation of citizenship but has a factual basis for the correct allegation. *See, e.g.*, *McEntire*, 2010 WL 553443, at *8-10. Golden Rule does not indicate that it has any legitimate basis for believing that the plaintiffs intend to remain in Colorado. Therefore, its amendment of the notice of removal would be futile at this point in time and will not be permitted.[2]

Accordingly, it is

**ORDERED** that plaintiffs Nathan and Melinda Nichols' motion for remand [Docket No. 9] is DENIED without prejudice as superseded, and thereby mooted, by plaintiffs' amended motion to remand [Docket No. 10]. It is further

**ORDERED** that plaintiffs Nathan and Melinda Nichols' amended motion to remand [Docket No. 10] is GRANTED. Pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court

---

[2] The Court also notes that to the extent that Golden Rule is moving for leave to file an amended notice of removal in its response, this request is also procedurally defective. *See* D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper.").

for the City and County of Denver, Colorado, where it was originally filed as Case No. 2010CV403. It is further

**ORDERED** that Golden Rule Insurance Company's motion to strike [Docket No. 16] is DENIED.

DATED May 3, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge